UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:16-CV-00202-TBR

LAVERNE LOBLEY,   Plaintiff,

v.

LAURA GUEBERT,   Defendant.

## MEMORANDUM OPINION AND ORDER

Laverne Lobley filed this action in McCracken County Circuit Court against Laura Guebert, bringing a claim for negligence arising out of an automobile accident. Guebert removed Lobley's action to this Court. *See* 28 U.S.C. § 1441(a). Now, Lobley asks the Court to remand this litigation, arguing that removal was untimely under 28 U.S.C. § 1446(b). Guebert opposes remand. The Court need not wade into that debate, however, since it lacks the subject-matter jurisdiction necessary to do so. Accordingly, Lobley's Motion to Remand, [R. 5], is **GRANTED**.

### I.

#### A.

On March 14, 2016, Laura Guebert was traveling eastbound in the right lane of Interstate 24. [R. 1-1 at 2, ¶ 6 (Complaint).] When Guebert started to change lanes, she failed to notice Laverne Lobley's vehicle, which was in the left lane. [*Id.*, ¶¶ 6–7.] As Guebert moved into that lane, she forced Lobley off of the road, causing her car to crash. [*Id.*, ¶ 7.]

#### B.

In response, Lobley filed this action against Guebert in McCracken County Circuit Court, bringing a claim for negligence arising out of that automobile accident.

1

[*Id.*, ¶¶ 8–9.] She seeks damages for bodily injuries, pain, suffering, mental anguish, loss of income, impairment to earnings capacity, past, present, and future medical expenses, loss of ability to enjoy life, and property damage. [*Id.*, ¶ 9.] Guebert was served with a copy of the complaint on or before November 16, 2016. [*Id.* at 5–6 (Entry of Appearance).] Relying on 28 U.S.C. § 1332, she removed Lobley's action on December 23, 2016 to this Court pursuant to 28 U.S.C. § 1441(a). [*See* R. 1 at 1–2, ¶¶ 1–2 (Notice of Removal).] Now, Lobley moves to remand this action to McCracken County Circuit Court, arguing that removal was untimely under 28 U.S.C. § 1446(b).[1] [*See* R. 5 (Motion to Remand).]

## II.

Guebert may remove Lobley's state-court action only if she could have originally filed it in this Court. *See* 28 U.S.C. § 1441(a); *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 821 (6th Cir. 2006). As the party seeking removal, Guebert bears the burden of showing that the Court has such original jurisdiction. *See Vill. of Oakwood v. State Bank & Tr. Co.*, 539 F.3d 373, 377 (6th Cir. 2008) (citing *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453–54 (6th Cir. 1996)). Any doubts as to the propriety of removal must be resolved against it. *Jacada (Europe), Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005), *abrogated on other grounds by Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

---

[1] The Court construes Laverne Lobley's filing, styled as "Plaintiff's Answer to Defendant's Request for Removal," as a motion to remand. In any event, the Court would still have "an obligation to determine *sua sponte* whether subject matter jurisdiction exists." *King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958, 959 (E.D. Ky. 2009) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). Therefore, the dispositive issue is properly before the Court regardless of how Lobley's filing is labeled.

Of the two kinds of this Court's original jurisdiction, *see* 28 U.S.C. §§ 1331–1332, this case concerns the one labeled "diversity," [*see* R. 1 at 1–2, ¶¶ 1–2]. The Court exercises such jurisdiction in "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" parties who are "citizens of different States." 28 U.S.C. § 1332(a)(1). To make those determinations, the Court generally looks at the complaint at the time of removal. *Roddy v. Grand Trunk W. R.R. Inc.*, 395 F.3d 318, 322 (6th Cir. 2005) (citing *Ahearn*, 100 F.3d at 453).

In the usual case, the removing party must file a notice of removal within thirty days of receiving the complaint. *See* 28 U.S.C. § 1446(b)(1). If the complaint does not reveal a basis for removal, however, that deadline is subject to an extension. That is, the removing party may file a notice of removal within thirty days of receiving "a copy of an amended pleading, motion, order or other paper" which reveals that the action "is or has become removable." *Id.* § 1446(b)(3). Yet, the extension period is not without its own limitations: No action may be removed based on diversity jurisdiction more than one year after its commencement unless the opposing party has "acted in bad faith" to frustrate removal. *Id.* § 1446(c)(1).

### III.

The Court need not reach the question of whether Guebert timely removed Lobley's action. In the main, Guebert has not established that, at the time she removed this action, the amount in controversy exceeded $75,000. Therefore, the Court lacks subject-matter jurisdiction, leaving remand as the only available option.

Ordinarily, the sum demanded "in good faith" in an initial pleading is considered to be accurate for purposes of determining the amount in controversy. *Id.* § 1446(c)(2).

Lobley's complaint, however, does not demand a specific amount of damages. [*See* R. 1-1 at 2, ¶ 9.] She simply alleges that her damages exceeded the state court's jurisdictional threshold of $5,000. *See* Ky. Rev. Stat. § 23A.010(1); Ky. Rev. Stat. § 24A.120(1). Such a pleading practice is not unusual. Many states, including Kentucky, prohibit plaintiffs from demanding sum-certain damages in pleadings. *See* Ky. R. Civ. P. 8.01(2). When that is the case, the removing party must come forward with proof to establish, by a preponderance of the evidence, that the amount-in-controversy requirement is met. *See* 28 U.S.C. § 1446(c)(2)(B).

In this case, the sole item of evidence that Guebert has produced to demonstrate the amount in controversy is Lobley's response to a request for admissions. In full, it reads:

> [Q.]   Admit or deny that damages in the above referenced lawsuit are less than seventy-five thousand dollars ($75,000.00).
>
> [A.]   Denied due to lack of information. As of this moment we are currently receiving and calculating all lost wages, current medical bills, future medical bills, [permanent] impairment, as well as pain and suffering. A final total has not yet been calculated.

[R. 7-1 at 1 (Response to Request for Admissions).] Guebert has pointed to nothing else.

Based on the sparse record before it, the Court finds that Guebert has not carried her burden to establish that the amount in controversy exceeds the jurisdictional threshold set by 28 U.S.C. § 1332. Simply put, Lobley's discovery response is too equivocal to demonstrate that more than $75,000 is in controversy. *Cf. Smith v. Phillips & Jordan, Inc.*, No. CIV.A. 10-134-ART, 2011 WL 250435, at *2 (E.D. Ky. Jan. 24, 2011) (finding demand letter insufficient to carry evidentiary burden). Until Guebert satisfies that requirement, the Court is without subject-matter jurisdiction to hear this case.

Of course, Guebert's opportunity to remove this action might not be lost forever. Additional discovery may yield concrete evidence of Lobley's damages, and the thirty-day clock for removal would not start ticking until that time. *See* 28 U.S.C. § 1446(b)(3); *see also Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 465–66 (6th Cir. 2002). Therefore, Guebert will "get another bite at the apple if and when the evidence [she] obtains during discovery in state court reveals that the amount in controversy more likely than not exceeds $75,000." *May v. Wal-Mart Stores, Inc.*, 751 F. Supp. 2d 946, 953 (E.D. Ky. 2010).

### IV.

**IT IS HEREBY ORDERED** that Laverne Lobley's Motion to Remand, [R. 5], is **GRANTED** insofar as the Court lacks subject-matter jurisdiction over this action. Pursuant to 28 U.S.C. § 1447(c), the action styled *Laverne Lobley v. Laura Guebert*, Case No. 16-CI-00849, is **REMANDED** to McCracken County Circuit Court.

The Clerk of the Court is **DIRECTED** to close the above-captioned action.

**IT IS SO ORDERED**.

Date:

cc:   Counsel of Record